IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **MEADOWBROOK SHOPPING PLAZA, LLC a/k/a Meadowbrook Plaza LLC,** | |
| *Plaintiff,* | |
| *v.* | CAUSE NO. 3:23-CV-3093-CWR-LGI |
| **NATIONWIDE ASSURANCE COMPANY**, | |
| *Defendant.* | |

### ORDER

Before the Court is Meadowbrook's motion in limine. Docket No. 43. It seeks to exclude certain expert testimony by Richard W. Jones, Jr. and Adam Bomar. For the reasons discussed below, Meadowbrook's motion is granted in part and denied in part.

The usual legal standard applies. It begins with Rule 702, which provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on sufficient facts or data;
**(c)** the testimony is the product of reliable principles and methods; and
**(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule is then supplemented by the framework set out in *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993). "Under *Daubert*, expert testimony is admissible

only if it is both relevant and reliable." *Sandifer v. Hoyt Archery, Inc.*, 907 F.3d 802, 807-08 (5th Cir. 2018) (cleaned up).

"To establish reliability, an expert opinion must 'employ [ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Factors helpful in this inquiry include:

> (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community.

*Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (citation omitted).

The *Daubert* analysis is "flexible"; not every factor will be applicable in every situation. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). The analysis is applied "to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, [but] the test does *not* judge the expert conclusions themselves." *Id.*

Meadowbrook does not challenge the qualifications of either Jones or Bomar. Instead, it argues that parts of their testimony should be excluded as either irrelevant or unreliable.

Meadowbrook first argues that Jones's testimony should be struck as a legal conclusion. It then asserts that the International Existing Building Code, which Jones relied on in forming his opinion, is irrelevant because the insurance policy at the heart of this case did not require Meadowbrook to follow this Code. Finally, Meadowbrook maintains that

Bomar should be excluded from testifying to statements he heard from an unnamed Jackson Fire Department officer because such statements are unreliable hearsay.[1]

### A. The Court Denies the Motion to Exclude Jones's Entire Testimony

The Court disagrees that Jones's testimony "is nothing more than a legal conclusion." Docket No. 43 at 3. His entire testimony will therefore not be struck. Meadowbrook may object at trial should his opinions veer outside the scope of expert testimony. *See* Fed. R. Civ. P. 49(a)(2).

### B. Jones May Testify to the International Existing Building Code

Meadowbrook challenges the International Existing Building Code referenced in Jones's report. Docket No. 43-1 at 10. The City of Jackson adopted the 2018 edition of this Code in 2020. *Id.*

Meadowbrook maintains that any testimony related to this Code should be excluded because Nationwide's policy did not require it to follow the Code. Nationwide responds that Meadowbrook's disagreement relates to the weight of Jones's testimony, but not its admissibility.

Nationwide's position is well-taken. "As a general rule, question relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). The *Daubert* analysis is no substitute for the traditional means of attacking admissible evidence: "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596.

---

[1] Meadowbrook also seeks to exclude Jones's testimony to the extent it incorporates Bomar's reliance on this statement.

3

According to Jones, the City of Jackson adopted the Code, which requires certain changes to the use of a structure be submitted for approval. Docket No. 43-1 at 10. Meadowbrook has not yet rebutted this premise, which will be for the jury to decide. Meadowbrook is free to cross-examine Jones on his report and his assertions relating to the Code. Ultimately, the jury is free to decide what weight—if any—to give Jones's testimony. Meadowbrook's motion is denied on this ground.

### C. Bomar May Not Rely Upon Statements from an Unidentified Officer

Finally, Meadowbrook seeks to exclude the purported assertion by an unnamed Jackson Fire Department officer that it is not the Department's policy to shut off the post indicator valve at the scene of a fire. It asserts that any opinion and testimony made in reliance on this statement should be excluded because it is wholly unreliable.

Nationwide responds that Bomar, as an expert, may rely on hearsay in forming the basis of his opinion so long as other experts in his field would do so.

The parties agree that Bomar did not record the name of the Jackson Fire Department officer who allegedly made this statement. Neither party has learned this officer's name through the course of the litigation.

*Daubert's* "gatekeeping function" requires the Court to examine the relevancy and reliability of all proffered expert testimony. The statement made by the unidentified Jackson Fire Department officer, if offered to prove that the Department would not have turned the post indicator valve off, is textbook hearsay. Nationwide has failed to show that some exception applies to this rank hearsay. Incorporating the testimony into Bomar's report does not transform the statement to one which the jury can receive. It remains inadmissible, and Bomar cannot convey that statement to the jury.

Meadowbrook's motion in limine is granted in part and denied in part.

**SO ORDERED**, this the 8th day of January, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE